## LEWIS *v.* LUCKETT.

### ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 142.    Submitted April 25, 1911.—Decided May 29, 1911.

Under § 130 of the Code of the District of Columbia as amended by the act of June 30, 1902, 32 Stat. 526, c. 1329, there is no failure of jurisdiction because publication for unknown heirs has not been made, unless the record shows the actual or probable existence of persons who were heirs at law or next of kin whose names were unknown; nor will proceedings duly had be vacated at the instance of one who was cited, and whose objections to probate have been overruled, and who does not show that there are any unknown heirs or next of kin or that there is any occasion to make such publication.

32 App. D. C. 188, affirmed.

The facts, which involve questions of practice in connection with the probate of wills in the District of Columbia, are stated in the opinion.

*Mr. John C. Gittings* and *Mr. J. M. Chamberlin*, with whom *Mr. Robert E. Mattingly* was on the brief, for plaintiff in error.

*Mr. Lorenzo A. Bailey* and *Mr. James A. Toomey*, for defendants in error.

MR. JUSTICE LURTON delivered the opinion of the court.

An instrument purporting to be the last will and testament of Mary Hoskins Lewis was offered for probate by L. F. Luckett, who was named as executor therein. The petition asking probate averred that the only beneficiary under the will was the defendant in error, Margaret Estelle Jones, and that the decedent left "no heir at law or next of kin so far as petitioner knew, with the exception of David W. Lewis," her husband. Lewis was made a defendant and cited. He appeared, filed a caveat and denied that the will was the will of the decedent. Miss Jones appeared and filed her petition asking that the will be admitted to probate. She averred that Mrs. Lewis had left neither heir nor next of kin, save her husband, but asked that publication be made for unknown heirs. Both petitions asked that issues be framed for trial by a jury. Issues were accordingly settled and a day named by order of the court for trial.

The jury, on February 3, 1908, found the issues in favor of the proponents of the will, the trial having been had so far as appears without objection by anyone, and without any suggestion that there were heirs or next of kin in existence who should be brought before the court. Thus the matter stood until February 24, when the court ordered publication for unknown heirs and next of kin of the said Mary Hoskins Lewis, "and for all others concerned," to appear on April 3d and show cause why the application for probate of the will should not be granted. Publication was duly made.

Pending such publication Lewis moved the court to vacate the order framing issues, and all subsequent proceedings, because there had been no publication for unknown heirs or next of kin of the decedent when the issues were framed or tried. On April 8, this motion was denied,

and on April 15 the will was ordered to be recorded as the last will and testament of Mary Hoskins Lewis.

From that judgment David W. Lewis appealed to the Court of Appeals of the District of Columbia, which affirmed the action of the court below. From this judgment of affirmance, this writ of error has been sued out.

The only question relied upon for reversal is that the Probate Court had no jurisdiction to admit the will of Mrs. Lewis to probate, because the issues under the caveat filed by the plaintiff in error and the trial of those issues by a jury was prior to the publication for unknown heirs and next of kin of the decedent.

The procedure for the probate of wills is to be found in §§ 130 to 141, inclusive, of the Code of the District of Columbia. Section 130 deals with notice when there is no caveat, upon presentation of a petition asking probate, and requires a citation to issue to all persons who would be interested in the estate if no will had been executed, and that if such persons are "returned as not to be found," then there shall be a publication for such persons. No such return was made in this case. No persons were cited or could be cited, except David W. Lewis, who was duly cited as the only known person interested in case there was no will.

Section 140 deals with the trial of issues when a caveat is filed. That section provides that "if, as to any person in interest, the notification shall be returned 'not to be found,' the court shall assign a new day for such trial and order publication." In the present case there was no return of notice, "not to be found," as to any person supposed to be interested.

But § 130 was amended by the act of June 30, 1902, 32 Stat. 526, by a provision in these words:

"In all cases where it is made to appear to the satisfaction of the court that all or any of the next of kin or heirs at law of the deceased are unknown, such unknown next

of kin or heirs at law may be proceeded against and described in the publication of notice hereinbefore provided for as 'the unknown next of kin,' or 'the unknown heirs at law,' as the case may be, of the deceased, and by such publication of such notice under such designation such unknown next of kin and heirs at law shall be as effectually bound and concluded as if known and their names were specifically set forth in said order of publication."

Assuming that publication for unknown heirs and next of kin is authorized, whether a caveat has been filed or not, it is evident that there is no failure of jurisdiction because such publication was not made, unless there was something in the record showing that there were persons actually or probably in existence who were heirs at law or next of kin whose names were unknown. The language of the opening line of the amendment is, "In all cases where it is made to appear to the satisfaction of the court that all or any of the next of kin or heirs at law of the deceased are unknown, such unknown," etc., "may be proceeded against," etc.

Now, what was the case here? The petition of the propounder of the will, the executor named therein, averred that upon his information and belief there were no heirs at law or next of kin, except David W. Lewis. Margaret Estelle Jones, the sole beneficiary under the will, made a like averment in her petition, joining in the prayer for probate and for the framing of issues to be tried by jury. David W. Lewis, the husband of the decedent, and interested only in case there was no will, made no averment that there were any persons other than himself interested in preventing probate. He asked the court to frame issues for a jury trial. He obtained such an order himself. He also obtained an order setting a day, months ahead, for the trial of such issues. The trial came on. He made no suggestion that there were any unknown heirs at law or next of kin, and asked no order of publication for them.

The trial of the issues was fatal to him. The court before ordering the will to be recorded upon the verdict, took the precaution to order publication for any unknown heirs or next of kin, and for all other persons concerned, to appear and show cause, by a day named, why this will should not be probated. Then, and only then, did the appellant wake up. But only to ask that the court vacate the order settling the issues and the verdict of the jury thereon, because this publication had not been made before any step had been taken. Neither then, nor at any other time, did he ever suggest that there were anywhere upon the surface of the earth any person who was an heir at law or next of kin. There was under such circumstances no reason for publishing for people about whose existence there was no shadow of evidence. The fact that the court out of precaution held up the final probate until publication might be made, does not raise a presumption that there were any such persons. *Hollingsworth* v. *Barbour*, 4 Pet. 466, 477.

Under the facts of this case there was no occasion to make publication for unknown heirs at law or next of kin, and no error in denying the application to vacate the verdict, or in ordering the will to probate.

*Affirmed.*